UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY COFFMAN, et al.,            )
                                  )
         Plaintiffs,              )
                                  )
      v.                          )    No. 4:05-CV-698-TCM
                                  )
MATT BLUNT, et al.,               )
                                  )
         Defendants.              )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the applications of Larry Coffman and Theodore Ginnery for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the applications, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. Therefore, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and amended complaint**

Plaintiffs, civilly committed residents of the Missouri Sexual Offender Treatment Center ("MSOTC"), seek monetary, declaratory, and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are Matt Blunt (Governor of Missouri), Linda Meade, Jay Englehart, Alan Blake, Dr. John Rosenboom, Dr. Phillips, Marty Bellew Smith, and "All M.S.O.T.C. Members."

Plaintiffs allege that their confinement at MSOTC constitutes punishment and is unconstitutional. To the extent that plaintiffs are challenging the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

513, under which they are involuntarily confined,[1] the Court notes that a favorable ruling on plaintiffs' § 1983 claim would necessarily imply the invalidity of their current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of their confinement. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiffs have previously presented their claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure

Plaintiffs further allege that "there is no treatment" at MSOTC, and they question if "treatment [can] actually help sexual offenders change their destructive patterns." To the extent that plaintiffs are claiming that the sexual offender program at the Farmington Treatment Center is a medical service and is inadequate

---

[1]Missouri's SVPA authorizes the civil commitment of "sexually violent predators," persons who suffer from a mental abnormality that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

under the Due Process Clause of the Fourteenth Amendment, they "must show that any medical deprivation is objectively serious" and that defendants "are acting with deliberate indifference to his needs." Tineybey v. Peters, 2001 WL 527409 (N.D.Ill.).[2] "Dissatisfaction with a medical program or disagreement with how a medical program is run . . . is not indicative of deliberate indifference . . . and by itself, cannot support a § 1983 claim." Id. Plaintiffs' allegations, at most, constitute dissatisfaction or a disagreement with the sexual offender treatment program, which simply is not cognizable as a constitutional violation.

The amended complaint is legally frivolous as to defendants "All M.S.O.T.C. Members." In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the amended complaint does not contain allegations sufficiently specific to permit the identity of "All M.S.O.T.C. Members" to be ascertained after reasonable discovery. These particular

---

[2]Cf. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 906 (8th Cir. 1999)(Fourteenth Amendment entitles pretrial detainees to at least as great protection as that afforded convicted prisoners under Eighth Amendment; Eighth Circuit has yet to settle on clearly binding standard).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

defendants are both unidentified and indeterminate in number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

The complaint is also legally frivolous as to defendants Dr. Phillips and Marty Bellew Smith, because plaintiff has failed to assert any allegations against them. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(§ 1983 liability requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Last, plaintiffs claim that, in retaliation for exercising their constitutional rights, defendants Matt Blunt, Linda Meade, Jay Englehart, Alan Blake, and Dr. John Rosenboom have given them negative therapeutic evaluations and have "intercept[ed] and not deliver[ed] mail to [them] in a timely fashion." Plaintiffs' retaliation claims against defendants Matt Blunt, Linda Meade, Jay Englehart, Alan Blake, and Dr. John Rosenboom survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, defendants Matt Blunt, Linda Meade, Jay Englehart, Alan Blake, and

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Dr. John Rosenboom shall reply to plaintiffs' retaliation claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to proceed in forma pauperis [Doc. #6] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiffs' original motion to proceed in forma pauperis [Doc. #1] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that, as to plaintiffs' retaliation claims against defendants Matt Blunt, Linda Meade, Jay Englehart, Alan Blake, and Dr. John Rosenboom, the Clerk shall issue process or cause process to be issued upon the amended complaint.

**IT IS FURTHER ORDERED** that all remaining claims set forth in the complaint and amended complaint are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants Dr. Phillips, Marty Bellew Smith, and "All M.S.O.T.C. Members," the Clerk shall not issue process or cause process to issue upon the amended complaint, because the complaint and amended complaint are legally frivolous or fail to state a claim upon which relief may be granted, or both.  See 28 U.S.C. § 1915(e)(2)(B).

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as <u>Larry Coffman and Theodore Ginnery v. Matt Blunt, Linda Meade, Jay Englehart, Alan Blake, Dr. John Rosenboom, Dr. Phillips, Marty Bellew Smith, and "All M.S.O.T.C. Members</u>."

An appropriate order shall accompany this order and memorandum.

Dated this 31st day of August, 2005

                                            /s/ Jean C. Hamilton
                                            **UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com