UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN and THEODORE GINNERY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case number 4:05cv0698 TCM |
| MATT BLUNT, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This 42 U.S.C. § 1983 action is before the Court on the motion of defendant Matt Blunt to dismiss, on a motion of Defendants to amend the case management order, and on a motion of plaintiff Larry Coffman for a continuance.[1] [Docs. 27, 35, 36]

Defendant Blunt is sued in his capacity as the Governor of the State of Missouri. The remaining three defendants are administrators employed in the detention facility in which plaintiffs Coffman and Theodore Ginnery are confined. Plaintiffs allege in their complaint that Blunt and the other three defendants have given them negative therapeutic evaluations in retaliation for pursuing legal claims and rights. Governor Blunt argues that these allegations fail to state a § 1983 claim against him. No response has been filed to his motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim. In considering a Rule 12(b)(6) motion, this Court

---

[1]Also pending is a motion by plaintiff Larry Coffman for leave to proceed on appeal in forma pauperis. His interlocutory appeal has been dismissed by the Eighth Circuit Court of Appeals. This motion will be denied as moot.

must assume that all the facts alleged in the complaint are true, see **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Knapp v. Hanson**, 183 F.3d 786, 788 (8th Cir. 1999), and must construe the allegations in the complaint and the reasonable inferences arising therefrom in the light most favorable to the plaintiff, see **Scheuer v. Rhodes**, 416 U.S. 232, 236 (1974); **Knapp**, 183 F.3d at 788. The issue is not whether the pleading party will ultimately prevail, but whether that party is entitled to offer evidence in support of its claim. See **Scheuer**, 416 U.S. at 236; **Estate of Rosenberg v. Crandell**, 56 F.3d 35, 36-37 (8th Cir. 1995). "'Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief,'" **Parnes v. Gateway, Inc.**, 122 F.3d 539, 546 (8th Cir. 1997) (quoting Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982)), for instance, a plaintiff fails to allege all the necessary elements of the claim, **Penn v. Iowa State Bd. of Regents**, 999 F.2d 305, 307 (8th Cir. 1993), or includes merely conclusory allegations, see **Springdale Educ. Ass'n v. Springdale Sch. Dist.**, 133 F.3d 649, 651 (8th Cir. 1998). And, when ruling on a motion to dismiss, the Court is mindful of its obligation to liberally construe pro se pleadings. See **Bracken v. Dormire**, 247 F.3d 699, 702-03 (8th Cir. 2001). This liberal standard does not require the Court to fashion a claim that constitutional or federal statutory rights were violated when such are not alleged by the plaintiff. See **Id.** at 703; **Walker v. Reed**, 104 F.3d 156, 157 (8th Cir. 1997).

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'"

**Blessing v. Freestone**, 520 U.S. 329, 340 (1997). "A supervisor may not[, however,] be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." **Tlamka v. Serrell**, 244 F.3d 628, 635 (8th Cir. 2001) (alteration added). Accord **Ottman v. City of Independence, Mo.**, 341 F.3d 751, 761 (8th Cir. 2003); **Burgess v. Moore**, 39 F.3d 216, 218 (8th Cir. 1994). Nor may a defendant be held liable under § 1983 if that defendant's allegedly unconstitutional acts were not the "cause in fact" of the plaintiff's injury. **Forest Park II v. Hadley**, 408 F.3d 1052, 1059 (8th Cir. 2005). Accord **Butler v. Dowd**, 979 F.2d 661, 669 (8th Cir. 1992).

Plaintiffs' only allegations against Blunt clearly are based on his position as Governor and lack any allegation that any acts of his were the cause in fact of their injuries. Governor Blunt will be dismissed.

Defendants request that the case management order be amended to extend the deadline for the filing of a motion for summary judgment up to and including March 14, 2006. This motion will be granted. Plaintiff Coffman also requests a continuance, although he does not specify what deadline he wants to be continued. He will be granted an extension up to and including May 15, 2006, to file a response to Defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Larry Coffman's motion for leave to appeal in forma pauperis is **DENIED** as moot. [Doc. 20]

**IT IS FURTHER ORDERED** that the motion to dismiss of Matt Blunt is **GRANTED**. Governor Blunt is DISMISSED from this action. [Doc. 27]

**IT IS FURTHER ORDERED** that Defendants' motion to amend or correct the case management order to extend the deadline for filing a dispositive motion up to and including March 14, 2006, is **GRANTED**. [Doc. 35]

**IT IS FINALLY ORDERED** that plaintiff Larry Coffman's motion for a continuance is **GRANTED** insofar as he is granted an extension of time up to and including May 15, 2006, within which to file a response to Defendants' motion for summary judgment. [Doc. 36]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this <u>15th</u> day of March, 2006.